24-mj-1584-DLC

## AFFIDAVIT OF FBI SPECIAL AGENT DEREK BACK IN SUPPORT OF CRIMINAL COMPLAINT

I, Derek F. Back, being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent of the Federal Bureau of Investigation ("FBI") for approximately four years and am currently assigned to the Boston Division, Lakeville Resident Agency. Prior to my current employment, I served as a police officer for a combined total of approximately eight years. While employed by the FBI, I have investigated federal criminal violations related to, among other things, the online sexual exploitation of children. I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. I have served as the affiant for search warrants, participated in the execution of numerous search warrants, and have been trained in the drafting and execution of search warrants. As a federal agent, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, including, but not limited to, violations of 18 U.S.C. § 2422, 2423, 2251, and 2252A. I have received training in the investigation of child pornography, child exploitation, and transportation of minors, and have had the opportunity to observe and review examples of child pornography as defined in 18 U.S.C. § 2256.

## PURPOSE OF AFFIDAVIT

2. I submit this affidavit in support of a criminal complaint charging Nicholas Joseph Wells ("WELLS"), year of birth 1981, with possession of child pornography (18 U.S.C. § 2252A(a)(5)(B)) and distribution of child pornography (18 U.S.C. § 2252A(a)(2)). The facts stated herein are based on my own personal involvement with this investigation as well as from

information provided to me by other law enforcement officers. Because this affidavit is submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the foundation for the requested complaint.

## PROBABLE CAUSE

*Kik Communications Between Username xxxxxxx0331 and Undercover Agent*

3.  From on or about January 10, 2024 to February 5, 2024, an FBI Jacksonville Undercover Agent ("Undercover Agent"), who was a member of the FBI Child Exploitation and Human Trafficking Task Force in Jacksonville, Florida, was working in an on-line undercover capacity and was connected to the Internet on several occasions in Jacksonville, Florida. While using a messaging application called Kik, the Undercover Agent was added to two private chat rooms ("Chat 1" and "Chat 2"),[1] as well as a private one on one chat with a Kik user ("Chat 3") with display name "Chris Davis" and username "xxxxxxx0331" (hereinafter, the Suspect User).[2]

4.  While in the chat rooms, the Undercover Agent took screen recordings and captured evidence of the distribution of child pornography and claims of sexual molestation of children by the Suspect User.

5.  In Chat 1, the Suspect User identified himself as a "42yo m MA," "Dad of 4, 3 girls; 12/12/11." Based on my training and experience, including familiarity with investigations

---

[1] The names of the chat rooms are known to law enforcement, but not included here to protect the integrity of ongoing investigative activity by the Undercover Agent. Based on my training and experience, including familiarity with investigations involving the use of internet-facilitated chat rooms for the transmission of child pornography, I believe that the names of these two chats refer to sexual interest in or activity with daughters.

[2] The full username is known to law enforcement; it is redacted here to protect the integrity of ongoing investigative activity. The same is true for other usernames referenced in this affidavit.

involving the use of internet-facilitated chat rooms for the transmission of child pornography, I understand this description to mean that the user is a 42-year-old man in Massachusetts who has four children, including three daughters aged 12 and 11.

6.      The Suspect User also made numerous statements about having a sexual interest in minors, including a claim that he had sexually molested his children when they were one and a half years old. Specifically, the Suspect User wrote, "wife went out of town so I had the twins in my room in case they woke up. They were almost 1.5. Slept in diapers only. Middle of the night I woke up so horny I pulled my shorts off throbbing," "pulled off both their diapers. Picked up one of them and was grinding her slit and humping her on top of me until I came. Had both their slits in my mouth and came over and over that night" and "She was gone for two nights. Don't know why but I was so turned on by it."

7.      In Chat 1, the Suspect User also sent two photographs of four children fully clothed, who appear to be on vacation. One photograph shows the children posing in front of a "Dolly Wood Flower and Food" sign ("Photo 1") and the other is in front of a train ("Photo 2"). The Suspect User claimed that the photographs were of his children. The photographs show one male and three females. All of the children appear to be approximately 10-12 years old.

8.      In the portion of Chat 2 that I reviewed, the Suspect User distributed one video file to the group ("Video 1").[3] The file contains a color video with sound that is approximately 1

---

[3] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (deeming affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" an insufficient basis for determination of probable cause). Here, however, the description offered "convey[s] to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The children described herein in this paragraph appear to be between 10 and 12 years old—in all events, younger than eighteen.

minute and 51 seconds in length and depicts two female children who, based on their small body sizes, facial features, and lack of chest development, appear to be approximately 10-12 years old. The children are sitting on a bathroom floor facing each other, fully nude with their legs crossed. The children kiss each other on the mouth throughout the video, rub each other's breasts, and appear to be rubbing each other's genitals.[4]

9. In Chat 3, the Suspect User sent the Undercover Agent the same pictures of the four children he claimed to be his own, Photos 1 and 2, referenced above in Paragraph 7. Over several pages' worth of chat communications, the Suspect User discussed his sexual attraction to children in general and to the child pictured in a photograph that the Undercover Agent sent to the Suspect User and identified as the Undercover Agent's 11-year-old daughter. In one specific comment, the Suspect User wrote, "shes making me throb and stroke."

10. MediaLab, the parent company of Kik, provided subscriber information for the account for username xxxxxxx0331, which included the name Chris Davis, unconfirmed email

---

Furthermore, the description of the file here is specific as to the approximate age and appearance of the alleged children and the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that it depicts child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such a nonconclusory, specific description, this Court need not view the imagery to find that it depicts child pornography. Nonetheless, the described imagery is available for review at the Court's request.

[4] I have compared the two girls in this video with the children that the Suspect User claimed to be his own; they do not appear to be the same children.

xxxxxx@outlook.com,[5] and recent Internet Protocol ("IP") addresses, including IP address 73.167.157.19 and various IP addresses associated with T-Mobile.

11. The IP address 73.167.157.19 resolves to a Comcast account in the name of Kellie Wells and an address in Sandwich, Massachusetts (the "Sandwich Property").

12. Accurint, a commercial database that aggregates data from various utilities and other public records, associates the Sandwich Property with Kellie Ann Wells (YOB 1983) and Nicholas Joseph WELLS (YOB 1981).

13. WELLS is a Master Sergeant in the 102 Security Forces, Massachusetts National Guard, stationed at the Otis Air National Guard Base in Sandwich, MA.

14. Records from the Massachusetts Registry of Motor Vehicles shows that the Sandwich Property is WELLS's registered address.

15. The Sandwich Police Department was able to obtain the school photographs of children for whom WELLS was listed as their father. I compared these photographs of the children provided by Sandwich Police with the pictures of the children sent by the Suspect User in Chat 1 and Chat 3 and it appears to be the same children are depicted in both sets of photographs.

*Execution of Search Warrant at WELLS's Residence*

16. On March 4, 2024, the Honorable Donald J. Cabell approved a search warrant application to search the residence and person of WELLS for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A (possession, receipt, and distribution of child pornography). *See* 24-mj-1082-DLC; 24-mj-1083-DLC.

---

[5] The email address is known to law enforcement, but redacted here to protect the integrity of ongoing investigative activity.

17. During the execution of this warrant, on March 5, 2024, WELLS arrived in his white Chevy Traverse, MA Reg 3NXA79, and parked in the driveway. FBI agents met WELLS in the driveway and informed WELLS of the search warrants for his residence and his person.

18. Prior to a search of WELLS, I advised WELLS that the FBI had a search warrant for all of WELLS's electronic devices, including his cell phone. I asked WELLS if he had his cell phone on his person. WELLS stated he left his cell phone in his vehicle.

19. I asked if WELLS was willing to retrieve his phone from his vehicle. WELLS agreed, opened the driver door, removed his cell phone from the dash, and handed the phone to me.

20. I advised WELLS of his Miranda rights, which he waived orally and in writing. WELLS agreed to speak with agents. The interview was recorded. All statements set forth herein are summary in nature unless specifically noted otherwise.

21. During the interview, WELLS voluntarily provided the password for his iPhone XS, admitted to creating the Kik account with username xxxxxxx0331 under the name Chris Davis, and stated that he accessed the account through his cell phone.

22. During the interview, WELLS was shown physical copies of Chats 1, 2 and 3 which included Photos 1 and 2. WELLS admitted that Photos 1 and 2 were of his children and taken on a vacation at "Dolly Wood." WELLS stated that he did not like to send those photos and did not know what came over him to make him think it was acceptable to do so.

23. I also provided WELLS a sanitized still photo of Video 1. WELLS could not recall where he obtained Video 1 but that he stated that he generally copied and pasted videos depicting child pornography from chats on Kik.

24. WELLS further admitted that he watches videos depicting child pornography and his preference is videos (and photos) that involve underage girls. WELLS admitted that he searches for and finds videos of girls ages eight to 12 years old doing sexual things with adult men and/or women. For example, WELLS stated that he watched videos of 10-year-old girls performing oral sex on grown adult men. WELLS stated that he would masturbate while watching these videos. WELLS claimed that after he "gets off," he deletes everything and shuts down his phone. WELLS also admitted that he sent and received videos depicting child pornography on his cell phone.

*Search Warrant for WELLS's Kik Account*

25. Subsequently, on April 5, 2024, the Honorable Donald J. Cabell approved a search warrant application to search the Suspect User's Kik account for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A (possession, receipt, and distribution of child pornography). *See* 24-mj-1193-DLC.

26. I have reviewed the data from WELLS's phone and his Kik account.

27. In my review of WELLS's phone, I located 312 images and 109 videos that based on my training and experience appear to depict child pornography. Three examples of the child pornography located on the phone are described below:

    a. File with MD5 hash value[6]: 97586c214c731a2e6f17131d55f1ff1f, is a photo of a female who appears to be 6 years old (due to her size, undeveloped body,

---

[6] A hash value is produced when the contents of a file are processed through a cryptographic algorithm, and a unique numerical value is produced which may thereafter be used to identify the contents of the file. Some computer scientists describe a hash value as akin to an electronic fingerprint, in that each file has a unique hash value. Any identical copy of the file will have exactly the same hash value as the original, but any alteration of the file, including even a change of one or two pixels, would result in the generation of a different hash value. Consequently,

and her face which is visible in the photograph) standing naked in a shower, with her mouth open. A nude adult male with an erect penis appears to be about to insert his penis into the child's mouth.

    b. File with MD5 hash value:4fc3eb83eac011f243e61c2f671d249a, is a 43-second, close-up video of an adult male anally raping a female child, who appears to be an infant based on her body size in relation to the adult male. The video depicts the adult male repeatedly inserting his erect penis into the anus of the infant.

    c. File with MD5 hash value: ba2689c3e4fb25f4104604e69a7fb367, is a 63-second video depicting an adult female spreading the vagina of an infant, spitting into the infant's vagina, and performing cunnilingus on the infant. The child appears to be an infant based on the relative size to the adult female and the fact that the adult female is holding the child in her arms during the video.

28. In my review of WELLS's Kik account, I located 71 videos that, based on my training and experience, appear to be child pornography. All of these videos were in a folder provided by Kik that included media sent by WELLS to other Kik users. This media was sent between January 10, 2024, and February 01, 2024. Three examples are described below:

    a. File name 236238f4-bf4f-48cc-87e5-e5dd6a751d3d, is a 75-second video where a nude minor female, who appears to be approximately eight years old due to her size, undeveloped body, and lack of body hair, is on top of an adult

---

once a file has been 'hashed,' a suspected copy can be determined to be identical to the original file if it has the same hash value as the original, and not to be identical if it has a different hash value.

      male who is laying on his back. The male's erect penis is inserted into the female child's vagina multiple times and the video shows the female's face several times. The video was sent from WELLS' Kik account to Kik username xxxxxx_xxx on January 17, 2024. Kik records report that the video was derived from WELLS's device gallery.

   b. File name 7fc23785-26f4-46fe-b2de-b20b83541e35, is a 36-second video where a nude adult male is standing over a minor female who is laying nude on a bed blindfolded. The female appears to be four to six years old due to her size, undeveloped body, and lack of body hair. The adult male masturbates and ejaculates on the minor female's body. The video was sent from WELLS's Kik account to Kik username xxxxxx_xxx on January 17, 2024. Kik records report that the video was derived from WELLS's device gallery.

   c. File name 5df43d03-a1c1-4c8e-8226-b53b85265bcf, is an 18-second video where an adult female performs oral sex on a minor male who is laying on his back. The minor male appears to be eight to 10 years old due to his size, undeveloped body, and lack of body hair. The video was sent from WELLS's Kik account to Kik username: xxxxxxxxx143_xxx on January 11, 2024. Kik records report that the video was derived from WELLS' device gallery.

## CONCLUSION

29. Based on the information described above, I submit there is probable cause to believe that:

   a. On or about March 5, 2024, in Sandwich, Massachusetts, WELLS knowingly

possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

b. From on or about January 10, 2024 to February 01, 2024, in Massachusetts, WELLS knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer in violation of 18 U.S.C. § 2252A(a)(2).

Sworn to under the pains and penalties of perjury,

*Derek Back*
Special Agent Derek F. Back
FBI

SWORN before me telephonically in accordance with Fed. R. Crim. P. 4.1(d)(3) this 22 day of October, 2024.

HONORABLE DONALD L. CABELL
CHIEF UNITED STATES MAGISTRATE JUDGE