UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No: 24-cr-10347-IT |
| | ) | |
| NICHOLAS WELLS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Nicholas Wells pled guilty to a two-count indictment charging him with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). This Court scheduled sentencing for the Defendant for August 19, 2026. For the reasons set forth below and to be articulated at the sentencing hearing, the Government believes that a sentence of 97 months of imprisonment, 60 months of supervised release, $200 mandatory special assessment, restitution, and forfeiture is the appropriate sentence in this matter.

**FACTUAL OVERVIEW**

The Government relies on and incorporates the facts set forth in the statement of offense conduct in paragraphs 8-17 of the Presentence Investigation Report ("PSR").

**GUIDELINES CALCULATION**

Probation has calculated the Defendant's total offense level as 34. PSR ¶ 37. This is based on a base offense level of 22 (U.S.S.G. § 2G2.2(a)(2)); a two-point enhancement because the material involved a prepubescent minor or a minor under the age of twelve years old (U.S.S.G. § 2G2.2(b)(2)); a two-point enhancement because the defendant knowingly engaged in distribution (U.S.S.G. § 2G2.2(b)(3)(F)); a four-point enhancement because the material

portrayed sadistic or masochistic conduct or other depictions of violence or sexual abuse or exploitation of an infant or toddler (U.S.S.G. § 2G2.2(b)(4)); a two-point enhancement because the offense involved the use of a computer (U.S.S.G. § 2G2.2(b)(6)); a five-point enhancement the offense involved 600 or more images depicting child pornography (U.S.S.G. § 2G2.2(b)(7)(D)); and a three-point reduction for acceptance of responsibility (U.S.S.G. § 3E1.1(a), (b)). PSR ¶¶ 24-37. The Government agrees with this calculation.

Probation has calculated the Defendant's criminal history category as I. PSR ¶ 42. Defendant's only prior arrest was for possessing child pornography in 2000, which did not result in a conviction. PSR ¶ 45. The Government agrees with this calculation.

The Guideline Range for a total offense level of 34 and Criminal History Category I is 151-188 months. PSR ¶ 80. The Government agrees with Probation's recitation of the sentencing range.

**RESTITUTION/SPECIAL ASSESSMENTS**

Pursuant to 18 U.S.C. § 2259(c)(3), this is a child pornography trafficking offense for which restitution is mandatory as set forth in 18 U.S.C. § 2259(b)(2). Pursuant to the statute, the Court shall determine the full amount of the victim's losses and shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.

With this memorandum, the government is filing under seal restitution request packets for 11 identified victims. The government understands from counsel for the Defendant that the parties have agreed to a total amount of $35,500 in restitution, broken down as follows:

| No. | Pseudonym or Series Name | Amount |
|---|---|---|
| 1 | April | $3,000 |
| 2 | Best Necklace | $3,000 |
| 3 | Braid&Tile | $3,000 |

| No. | Pseudonym or Series Name | Amount |
|---|---|---|
| 4 | Flower Lights | $3,000 |
| 5 | Eliza | $3,000 |
| 6 | Jenny | $3,000 |
| 7 | Candice | $3,000 |
| 8 | Sarah | $3,000 |
| 9 | Sloane | $4,500 |
| 10 | Vicky | $3,000 |
| 11 | Alex | $4,000 |

The government submits that the restitution submissions provide a sufficient basis upon which this Court can and should find that the agreed-upon amounts of restitution be ordered.

The Defendant is subject to a special assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A(a)(2). A defendant's ability to pay is a factor to consider in determining what assessment, if any, this Court should impose pursuant to 18 U.S.C. § 2259A.[1] As defendant has not submitted a financial statement and has not demonstrated an inability to pay, the government would request an assessment of $35,000 in this case.

**GOVERNMENT'S RECOMMENDATION**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant. They also require

[1] Monies paid under this section are deposited and pooled in the "Child Pornography Victims Reserve" established in 18 U.S.C. § 2259B, which is the fund from which child pornography victims can receive a one-time fixed amount of compensation instead of seeking restitution on a case-by-case basis.

courts to consider the kinds of sentences available and the Guidelines Sentencing Range ("GSR").

Here, the Government believes that a sentence of imprisonment of 97 months of imprisonment, 60 months of supervised release, the various assessment fees, restitution, and forfeiture is sufficient, but not greater than necessary, to achieve the goals of § 3553(a)(2).

The nature of the offense, the need for the sentence imposed to reflect the seriousness of the offense, and the need to deter such behavior all justify a serious penalty here. The Defendant engaged in abhorrent conduct that preys on vulnerable children. As the Sentencing Commission found in its 2012 report to Congress,[2] "all child pornography offenses are extremely serious because they both perpetuate harm to victims and normalize and validate the sexual exploitation of children." *Id.* at 311. The Defendant fits squarely within the cycle of supply and demand that fuels the networks that not only cater to CSAM consumers like him but are driven by the need that they represent.

While the GSR enhancements applied by Probation are technically correct and results in a significant term of incarceration, the Government believes that imposing a term of 97 months (still above the mandatory minimum sentence of 60 months on count two) is also a significant sentence and more appropriate in the circumstances here. Below, the individual enhancements under the Guidelines are discussed:

A. **§ 2G2.2(b)(2) (prepubescent minors, +2)**—The PSR properly holds the Defendant accountable for distribution and possession of child pornography involving prepubescent minors who had not attained the age of 12. The fact that law

[2] Available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_12.pdf.

enforcement must necessarily focus its attention on offenders who target younger children (and thus, that most federal cases involve child sexual abuse imagery involving younger children) should not detract from the significance of the distinction between pubescent and prepubescent victims, which is an important one for this (and all) courts to consider, given that a victim's vulnerability is often directly correlated to his or her age. As a defendant who had a collection of images and videos of children under 12, including a victim that appeared to be four-to-six years old (PSR ¶ 13), the Defendant should be appropriately held accountable by recognizing the import of this distinction.

B. **§ 2G2.2(b)(3)(F) (knowingly engaged in distribution, +2)**—The PSR properly holds the Defendant accountable for knowingly engaging in distribution as the Defendant not only distributed files depicting child pornography to an undercover agent with whom he was communicating, but later review of his electronic device showed that he shared all 71 video files in his possession (PSR ¶ 17). Further, the Defendant told agents in his interview that he frequently erased files depicting child pornography, so it is possible that the 71 files distributed does not capture the extent of Defendant's distribution.

C. § 2G2.2(b)(4) **(material depicting sadistic or masochistic conduct or sexual abuse or exploitation of an infant or toddler, +4)**—Of the materials found on Defendant's phone, two of the files depicted sexual abuse of an infant or toddler (PSR ¶ 16). Under other circumstances, the government may have been willing to waive the application of this enhancement entirely based on the low percentage of materials depicting abuse of an infant or toddler. However, the Defendant here circulated

pictures of his own children, albeit fully clothed, in the chat group discussing and distributing child pornography. In addition, while recognizing there is no independent corroborating evidence that the actions actually took place, the Defendant made disturbing comments in the chat group regarding sexually abusing his own children (PSR ¶ 10). If the statements were true, it is a description of a heinous crime committed against his own children. But, even if the statements were false, such statements about one's own toddler-aged children made in a chat group distributing child pornography is disturbing behavior. **Therefore, while the government believes that Probation appropriately included a four-point enhancement it in its technical GSR calculation, the government only advocated for applying a two-point enhancement here.**

D. **§ 2G2.2(b)(6) (use of computer, +2)**—The government concedes that in many cases, the application of this enhancement makes less sense than some others, given that virtually all child pornography offenses today involve the use of computers. The Defendant's use of the Kik messaging application and sharing of files depicting child pornography with other Kik users (*see* PSR ¶¶ 12, 17) is not so sophisticated as to merit the application of this enhancement. **So, while the government believes that Probation appropriately included it in its technical GSR calculation, the government does not advocate for its application here.**

E. **§ 2G2.2(b)(7)(D) (number of images, +5)**—Investigators found approximately 312 photographs and 109 videos on the Defendant's phone. *See* PSR ¶ 16. As noted above, the Defendant also told agents that he erased other material depicting child

pornography that he possessed in the past. The Defendant should be appropriately held accountable for the volume of materials in his possession.

Applying this practical interpretation of the Guidelines to the Government's calculation of the GSR, yields a total offense level of 30. With the Defendant's criminal history, the GSR would be 97-121 months. Accordingly, the Government recommends a term of incarceration of 97 months, the low end of this range, followed by 60 months of supervised release, $200 mandatory assessment fees, restitution, and forfeiture. Notably, this request for 97 months is the median sentence imposed for similarly situated defendants based on the JSIN data. PSR ¶ 97.

The Government acknowledges that this is a serious penalty, but believes this is a just and appropriate sentence under the circumstances of this case. The Defendant, as a Security Forces Craftsman in the U.S. Air Force was in a position of trust that makes this already disturbing conduct even more alarming. The Defendant, as a father, sharing pictures of his children and making statements about sexually abusing his own children, was also in a position of trust that makes his conduct more concerning and more deserving of a significant penalty.

**CONCLUSION**

For the foregoing reasons, the government requests that the Court impose the requested sentence.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

/s/ Brian J. Sullivan
Brian J. Sullivan
Assistant United States Attorneys
John J. Moakley U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3100
brian.sullivan@usdoj.gov

Date: August 12, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Brian J. Sullivan*
BRIAN J. SULLIVAN
Assistant United States Attorney

Dated: August 12, 2026